UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

EUGENE JOSEPH ROONEY

Plaintiff,

v.

AMERIPRISE FINANCIAL SERVICES, LLC, & DAVID C. TURETZKY

Defendants.

Case No. 1:25-cv-10167

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXTRA-PROCEDURAL SUR-REPLY

Defendants Ameriprise Financial Services, LLC ("**Ameriprise**") and David C. Turetzky ("**Turetzky**") (collectively the "**Defendants**"), through undersigned counsel, hereby submit this Motion to Strike Plaintiff Eugene Joseph Rooney's ("**Plaintiff**" or "**Rooney**") filing dated August 12, 2026 (the "**Filing**"), docketed in this matter as Document 32, and state in support thereof:

## SUMMARY

Plaintiff's submission of the Filing is impermissible. Plaintiff is not authorized to file the Filing under any of the Federal Rules of Civil Procedure, the Local Civil Rules, or the Individual Rules of Practice for this specific Court. Plaintiff has not requested the right to make such a filing.

The Filing unfairly seeks to introduce a variety of contested allegations as "fact," and does so after Defendants have filed their Motion and Reply. Further, though Plaintiff styles the Filing as a "limited supplemental factual clarification," the Filing unfairly introduces multiple new legal arguments that were not included in Plaintiff's Opposition to the Motion to Dismiss. Due to these inequities, the appropriate remedy for the Court is to strike the Filing.

## RELEVANT PROCEDURAL BACKGROUND

On February 20, 2026, this Court entered a Minute Order outlining the procedure for Defendants to file a Motion to Dismiss: Defendants were to file a Motion, Plaintiff was to file an Opposition, and Defendants were to file a Reply. [February 20, 2026 Minute Order, the "**Briefing Order**"][1]. The Briefing Order did not contemplate or permit any other submissions by the parties.

Defendants filed their Motion to Dismiss on April 24, 2025. [ECF No. 24, 25]. On June 22, 2026, the Court issued an order extending Defendants' deadline for a Reply. [ECF No. 28]. The June 22, 2026 order did not contemplate or permit any other filings or briefings by the parties.

Plaintiffs filed his Opposition on June 23, 2026. [ECF No. 29]. On June 24, 2026, the Court issued an Order stating it "welcomes an early submission" of Defendants' Reply. [ECF No. 30]. The June 24, 2026, order did not contemplate or permit any other filings or briefings by the parties.

Defendants filed their Reply on July 27, 2026. [ECF No. 31]. Defendants' filing concluded the established briefing schedule for the Motion to Dismiss.

## LEGAL ANALYSIS & ARGUMENT

### I. Plaintiff's Sur-Reply is Not Authorized or Warranted

The governing rules do not permit Plaintiff to file additional briefs. Rule 4(B) of the Individual Rules of Practice in Civil Cases for the Honorable Katherine Polk Failla ("**Failla Rules**") specifically states that "[s]ur-reply memoranda will not be accepted without prior permission of the Court." Further, no rule under the Federal Rules of Civil Procedure or the Local Civil Rules provides Plaintiff with the right to make such a filing.

[1] The Briefing Order required Defendants to serve copies of the Motion to Dismiss and all cited case law on Plaintiff, which Defendants did. In an abundance of caution, Defendants are also serving hard copies of this motion with all cited case law on Plaintiff.

In this matter, Plaintiff has not requested an order permitting a sur-reply, and this Court has not ordered one *sua sponte*. Likewise, the three orders addressing briefing on the Motion to Dismiss did not discuss or permit a sur-reply. Plaintiff's pro se status does not absolve him of the responsibility to comply with these rules. Appearing pro se "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Striking the Filing is an appropriate remedy. First, this Court has no obligation to review the Filing. "The Court need not consider a sur-reply where permission was neither sought nor granted." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 499 (S.D.N.Y. 2022). Second, this Court has the authority to strike such an unauthorized filing. *Laguerre v. Nat'l Grid USA*, No. 20-3901-CV, 2022 WL 728819, at *5 (2d Cir. Mar. 11, 2022).

## II. Inequities of Permitting the Filing to Stand

Plaintiff's submission of new argument and new allegations via the Filing after the briefing has closed is fundamentally unfair to Defendants. First, Plaintiff's Filing posits certain statements as "factual clarifications" rather than as allegations. Plaintiff's characterization of these statements is procedurally inaccurate, and many of the allegations in the Filing are substantively inaccurate. Second, Plaintiff's Filing raises novel arguments related to the Motion to Dismiss that should have been included in his Response. Plaintiff's decision to include these arguments after completion of the briefing schedule has denied Defendants the right to address these allegations in their Reply. Striking the Filing is the equitable solution to address the Filing's impact on the present matter.

## CONCLUSION

Plaintiff's August 12 filing is an unauthorized Sur-Reply for which no permission was sought or obtained. The Court should strike the filing and give it no consideration or credence.

Dated*:* August 18, 2026

Respectfully submitted,

SHUMAKER LOOP & KENDRICK LLP
240 S. Pineapple Ave.,
Sarasota, FL 34236
Tel: (941) 366-6660
*Counsel for Defendants*

By: */s/ Michael S. Taaffe*
Michael S. Taaffe
NY Bar ID No. 2000149
mtaaffe@shumaker.com
Scott A. La Porta
(Admitted *Pro Hac Vice*)
slaporta@shumaker.com

**Local Rule 7.1(c) Certification**

Pursuant to Local Rule 7.1(c), counsel for Defendants certifies that the document complies with the word-count limitations. Counsel for Defendants has relied upon the word count of the word-processing program used to prepare the document, and the document—exclusive of the caption, table of contents, table of authorities, signature blocks, and certificates—contains 845 words.

**Certificate of Service**

This is to certify that the above and foregoing instrument has been served on Plaintiffs via email and via Federal Express on the 18th day of August, 2026 to the following addresses:

Eugene Joseph Rooney
52 Midland Avenue
Bronxville, NY 10708
Email: rooneyeugene@icloud.com

By: */s/ Michael S. Taaffe*
Michael S. Taaffe
NY Bar ID No. 2000149

The Court will accept the factual statements articulated in Plaintiff's "Limited Supplemental Factual Clarification" (Dkt. #32), which Defendants correctly construe as a sur-reply, to the extent they do not contradict Plaintiff's prior factual statements in his pleadings. But the Court will not accept any legal assertions in this Limited Supplemental Factual Clarification.

The Clerk of Court is directed to terminate the pending motion at docket entry 33 and is further directed to mail a copy of this endorsement to Plaintiff at the following address:

52 Midland Avenue
Bronxville, NY 10708

Dated: August 19, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE